**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Allan Lewis


    v.                                   Civil No. 09-cv-0422-PB


New Hampshire Judicial Branch et al.[1]


**REPORT AND RECOMMENDATION**

Before the Court is Allan Lewis' Complaint (doc. no. 1), alleging that defendants –– the New Hampshire Judicial Branch and the Justices of the New Hampshire Supreme Court; New Hampshire Superior Court Judge Peter Fauver; New Hampshire Superior Court Judge Kenneth Brown; Attorney Scott A. Ewing; his law firm, Desmarais, Ewing, & Johnston, PLLC; and his partners, Fred J. Desmarais, Jr., and David W. Johnston –– have violated Lewis' rights.  Because Lewis is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to

---

[1]Lewis specifically names the New Hampshire Judicial Branch; New Hampshire Superior Court Judge Peter Fauver; Attorney Scott A. Ewing; his law firm, Desmarais, Ewing, & Johnston, PLLC; and his partners, Fred J. Desmarais, Jr., and David W. Johnston, as defendants.  Lewis has also alleged in the Complaint (doc. no. 1) that the Justices of the New Hampshire Supreme Court are co-conspirators, and that Superior Court Judge Kenneth Brown has violated Lewis' rights to file claims pro se.  Accordingly, I construe the Complaint as asserting claims directly against the New Hampshire Supreme Court Justices and Judge Brown.

determine, among other things, whether or not the Complaint states any claim upon which relief might be granted.  <u>See</u> United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B) (authorizing Magistrate Judge to conduct preliminary review); 28 U.S.C. § 1915(a)(1).

<u>Standard of Review</u>

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

2

This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, see Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted).  Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

<u>Background</u>

Almost all of the pertinent facts and procedural history of

3

this case are set forth in my Report and Recommendation issued
this date in a related case pending in this court, <u>Lewis v. New
Hampshire Judicial Branch</u>, No. 09-CV-307-SM.  A copy of that
Report and Recommendation is attached hereto.  I incorporate by
reference the background facts set forth therein.  The facts
alleged, the parties, and the claims are essentially the same in
this case, except that the Complaint here avoids any reference to
claimed violations of criminal statutes (which I recommended be
dismissed in the related case), and adds the following new
factual allegations in support of a claim for damages:  Strafford
County Superior Court Judge Kenneth Brown issued an order on
April 16, 2009, in a matter filed by Lewis, barring the court
clerk from accepting any new claims filed pro se by Lewis against
Ewing and his law firm.  Lewis claims that the order deprives him
of his right to due process under the Fourteenth Amendment and
the New Hampshire Constitution.  I have construed the Complaint
(doc. no. 1) as asserting the claim against Judge Brown and
include him in the list of defendants in this case.

<u>Discussion</u>

For reasons stated in the Report and Recommendation issued
this date in the related case, No. 09-CV-307-SM, and incorporated

4

herein by reference, I recommend dismissal of all similar claims pending in this case.  These reasons include the Eleventh Amendment as to claims asserted against the Judicial Branch, Lewis' failure to state a claim under section 1983 against private attorneys who are not state actors, absolute judicial immunity as to claims asserted against Judge Fauver and other state court judges, and res judicata or claim preclusion as to all claims that could have been asserted in Lewis' earlier federal case filed against the same defendants and their privies, which this Court dismissed.  See Lewis v. N.H. Jud. Branch, No. 09-CV-002-JL (D.N.H. Apr. 7, 2009) (doc. no. 5) (approving Rep. & Rec. (doc. no. 3)), aff'd, No. 09-1655 (1st Cir. Sept. 18, 2009).

With respect to the new claim asserted in this action regarding the April 2009 court order, I note that Superior Court Judge Brown is absolutely immune from liability for damages for issuing the order.  The judicial act of restricting a litigant's ability to file a claim -- whether unconstitutional, an abuse of discretion, or fully valid and justifiable -- is an act shielded by the doctrine of absolute judicial immunity.  Absolute judicial immunity "applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or

how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). Accordingly, the court should dismiss the Complaint in this case for failing to state a viable claim.

Lewis should be aware that this Court may sanction a party for filing vexatious litigation. See Fed. R. Civ. P. 11(c). This Court will not wait to be inundated with frivolous actions before issuing sanctions as necessary to prevent abuses.

## Conclusion

For the foregoing reasons, I recommend dismissal of the Complaint (doc. no. 1), with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Pract. of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: December 16, 2009

cc:  Allan Lewis, pro se